IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**Shanda Mathis,**

    **Plaintiff,**

v.                                          Case No. 2:10–cv–574

**Ohio Rehabilitation and**                 Judge Michael H. Watson
**Correctional, et al.,**

    **Defendants.**

## OPINION AND ORDER

This case is before the Court to consider the motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) filed by defendant City of Toledo. The motion has been fully briefed. For the following reasons, the motion to dismiss (#4) will be granted.

### I. The Complaint

The document captioned "Demand for Jury Trial," which the Court construes as plaintiff's complaint, contains the following allegations. Ms. Mathis brings this action on behalf of Dawan Mate. The Ohio Rehabilitation and Correctional Institution placed Mr. Mate in psychiatric care without holding a hearing. The Ohio Parole Authority violated Mr. Mate's Fourth Amendment rights by imposing post-release control on him when this condition had not been ordered by the court pursuant to a journal entry dated March 2002. Various defendants violated Mr. Mate's constitutional rights by "continuously physically restraining" him for violations of post-release control when Mr. Mate was not

supposed to be on such control. The City of Toledo violated Mr. Mate's due process rights when a Judge and the Clerk of the Lucas County Court of Common Pleas signed and filed a journal entry dated March, 2006 requiring Mr. Mate to serve post-release control.

## II. Fed. R. Civ. P. 12(b)(6)

Fed. R. Civ. P. 12(b)(6) provides that the Court may, upon motion, dismiss a claim for relief asserted in any pleading for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 8(a) requires the party pleading a claim for relief to make a "short and plain statement of the claim showing that the pleader is entitled to relief." When evaluating such a claim in the context of a Rule 12(b)(6) motion, the Court must ordinarily accept as true all of the well-pleaded factual allegations of the complaint. However, Rule 8(a) has been interpreted to require that the pleader allege "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." Bell Atlantic v. Twombley, 550 U.S. 544, 555 (2007). Moreover, the factual allegations themselves "must be enough to raise a right to relief above the speculative level . . . ." Id.

Twombley established a test of "facial plausibility," replacing the prior standard, announced in Conley v. Gibson, 355 U.S. 41 (1957), under which a complaint was able to withstand a motion to dismiss if there were any possibility that the pleader could prove a viable claim for relief. Expanding upon Twombley's "facial plausibility" test, the Supreme Court, in Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009), held that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged."

Iqbal reiterated the principle that legal conclusions, couched as factual allegations, need not be accepted as true, and that the mere recital "of the elements of a cause of action, supported by mere conclusory statements," cannot save a claim from dismissal under Rule 12(b)(6). Id. at 1950. Further, Iqbal allows the reviewing court "to draw on its judicial experience and common sense" when deciding if it is plausible that the pleader can, based on the facts alleged, obtain any relief. Id. It is still true, however, that *pro se* complaints are construed liberally in favor of the pleader, even though they, too, must satisfy the "facial plausibility" standard articulated in Twombley. See Haines v. Kerner, 404 U.S. 519 (1972); Stanley v. Vining, 602 F.3d 767, 771 (6th Cir. 2010); see also Erickson v. Pardus, 551 U.S. 89 (2007). It is with these standards in mind that the instant motion will be decided.

### III. Analysis

In its motion to dismiss, the City of Toledo asserts that the misconduct of which Ms. Mathis complains involves the actions of a judge and the Clerk of the Lucas County Court of Common Pleas. The City of Toledo contends that the complaint does not contain any allegations sufficient to draw even the inference that it is liable for any misconduct. As a result, the City of Toledo requests that any claims against it be dismissed.

In response, Ms. Mathis contends that a claim for the violation of Mr. Mate's Fourth, Sixth and Fourteenth Amendment rights has been stated "being that the employees of the City of Toledo signed, filed and changed Dawan Mate journal entry to reflect an (sic) procedure or requirement of Dawan Mate that was untrue." Further, Ms. Mathis states that the "City of Toledo is responsible being that the Judge and

employees are elected public officials and the city qualify the clerk of courts as an (sic) city entity to succeed the municipal functions of the courthouse."

In order to state a claim against a municipality under §1983, a plaintiff must show that the municipality itself, through a policy or custom, caused the alleged constitutional violation. Monell v. Dept. of Social Services, 436 U.S. 658 (1978). A municipality cannot be held liable under the theory of *respondeat superior* for a constitutional violation caused by its employees or agents. Id. at 694. Rather, a municipality can be liable under §1983 when a government's custom is "so permanent and well-settled as to constitute a custom or usage with the force of law," Davenport v. Simmons, 192 F.Supp.2d 812, 824 (W.D.Tenn. 2001), or when the government's official policy is the "moving force of the constitutional violation." Monell at 694. In order to allege the existence of such a policy, the plaintiff must plead specific facts in support of the claim and may not merely state conclusory allegations. Culberson v. Doan, 125 F.Supp.2d 252, 263-64 (S.D. Ohio 2000). Here, the complaint contains no allegations that any municipal policy or custom resulted in harm to Mr. Mate. In fact, Ms. Mathis' response leaves little doubt that a claim based upon the City of Toledo's *respondeat superior* liability is precisely what the complaint asserts. Because a municipality cannot be held liable under that theory, the complaint fails to state a claim against the City of Toledo. Consequently, the City of Toledo's motion to dismiss will be granted.

## IV. Disposition

For the foregoing reasons, the motion to dismiss filed by the City of Toledo (#4) is **GRANTED**.

**IT IS SO ORDERED**.

_____
Michael H. Watson, Judge
United States District Court